UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6078-CR-ROETTGER

UNITED STATES OF AMERICA,

vs.

MILTON LYNCH,

      Defendant.
_____/

### DETENTION ORDER

Pursuant to Title 18 U.S.C. § 3142(f), on April 20, 2000, a hearing was held to determine whether the defendant, **Milton Lynch**, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions of release will reasonably ensure the safety of any other person and the community. Therefore, it is hereby ordered that the defendant, **Milton Lynch**, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1.    The defendant is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Therefore, the defendant is charged with a crime of violence. 18 U.S.C. § 3142(g)(1).

    2.    The Court received credible evidence that the defendant committed the

offense with which he has been charged.[1] On April 2, 1999, **Milton Lynch** pawned a Smith & Wesson revolver at a shop in Broward County. To complete the transaction, he presented as identification his photographic driver's license. He also gave a thumb print, which matches prints taken of **Lynch** at the time of his arrest on this Indictment.

Following his arrest, **Lynch** was advised of and waived his <u>Miranda</u> rights. He told agents that he had been working at a "weed hole" (an apartment in which marijuana is sold) since his release from prison on cocaine delivery and robbery charges. He advised that he had been provided the Smith & Wesson revolver by "Romeomy," the individual who runs the "weed hole," for use as protection in the narcotics operation; **Lynch** also brought the weapon home with him. **Lynch** explained that in April 1999 Romeomy had asked him to pawn the Smith & Wesson firearm, which **Lynch** did for $80. **Lynch** then turned the $80 over to Romeomy, who returned $30 to **Lynch**. **Lynch** told agents that he continued to work at the "weed hole" and that "Romeomy" later gave him a second firearm for protection in the operation. Finally, **Lynch** acknowledged being a convicted felon and being aware that he is not to possess any firearms. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant is a United States citizen and lifelong resident of South Florida. He does not appear to have travelled outside the United States or to possess a passport. According to defense counsel, **Lynch**'s immediate family members reside in South Florida.

---

[1] Preliminarily, the undersigned notes that on September 5, 1995, **Milton Lynch** was convicted of strong armed robbery, and on March 1, 1996, he was convicted of delivering cocaine. Accordingly, he has previously been convicted of a felony offense.

The Pretrial Services Report reflects that the defendant has been working for a lawn service; he previously worked at a fast food restaurant. **Lynch**, therefore, does not possess assets of significant value.

The Report reveals that the defendant has a history of frequent marijuana use - 10 times per day for the past 9 years. And the defendant has admitted having a marijuana problem.

Given the defendant's extensive ties to the Southern District of Florida, coupled with an absence of foreign travel or ties, the undersigned believes that he would be likely to appear if released on bond prior to trial. 18 U.S.C. § 3142(g)(3)(A) and (B)

4.   The defendant has an extensive criminal history, which includes the following arrests: burglary/petty larceny (1995); robbery/violation of probation (1995); sale of cocaine (1996); distribution of cocaine (1999); sale of cocaine (4 counts)(1999); possession of cocaine (2 counts)(1999); sale of cocaine (3 counts)(1999); and obstruction without violence/possession of marijuana (2000). In addition, the Report reflects that the defendant has been convicted of the following offenses: robbery (1996); and sale of cocaine (1996). With respect to the instant offense, the defendant possessed a firearm in the course of protecting a narcotics trafficking enterprise. He began to work for this enterprise soon after he was released from prison on robbery and cocaine delivery charges. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5.   The Court specifically finds that there is no condition or combination of conditions of release that reasonably will ensure the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community; he does not appear to have been deterred or rehabilitated by virtue of his previous encounters with the criminal justice system. The Court hereby directs:

1.   That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2.   That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3.   That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this ____ day of April 2000.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable Norman C. Roettger
United States District Judge

Darrell Wilcox, Esquire
Assistant Federal Public Defender
Attorney for Defendant

Robin Rosenbaum, Esquire
Assistant United States Attorney

United States Marshal

United States Pretrial Services